UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| EVIA C. OSAZUWA, | § | |
|    *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:23-CV-4852 |
| | § | |
| WALGREENS, | § | |
|    *Defendant*. | § | |

## MEMORANDUM AND RECOMMENDATION

Plaintiff, appearing pro se and in forma pauperis, initiated this case on December 29, 2023 by filing a form Complaint for Employment Discrimination. ECF 1. For the reasons set forth below, the Court recommends that Defendant's Motion to Dismiss (ECF 30) be granted and this case be dismissed with prejudice.[1]

### I.  Factual and Procedural Background

Plaintiff was hired as a Technician at a Walgreens store in New York in 2014. ECF 27 at 1. She moved to Houston and transferred to Store 07251, which is close to her home, as a Senior Technician in March 2022. *Id.* A Walgreens store manager named "Chris" asked her to help out at Store 02686 in the 5th Ward neighborhood of Houston, which is 15 miles from her home. *Id.* at 1-2. Store Manager Chris told her she would be paid more due to the hazardous area and assured her she would be a

---

[1] The District Court referred this case to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72.  ECF 9.

great fit for the store in a majority African-American, low-income area. *Id.* at 2. Chris assured her she would get promoted. *Id.*

In December 2022, Plaintiff intended to send an email to a District Manager, Chris Magee ("Magee"), to discuss the promotion she was promised but accidentally sent the email district-wide, which upset Store Manager Chris. *Id.* Soon after, Magee visited Store 02686. Plaintiff says that she heard Store Manager Chris coach other employees to say bad things about Plaintiff and she recorded it on her phone. *Id.* at 3. Magee allegedly told Plaintiff that he would resolve the matter, but instead he wrote up Plaintiff for making the recording. *Id.* After the write up, Plaintiff decided to transfer to Store 4514, but Magee blocked the transfer. *Id.* Plaintiff alleges that the write up and the transfer block were in retaliation for her December 2022 email. *Id.* Plaintiff was finally allowed to transfer to Store 1169 in Richmond, TX, which is a "tier 3 store" with few staff, shorter hours, and at which she felt unwanted. *Id.* at 4. The manager of Store 1169 does not give her enough hours and she has to "float" around to other stores, such as Store 4696, to pick up hours. *Id.*

In July 2023, Plaintiff complained to the Store 4696 manager about the conduct of a teenage coworker. *Id.* at 5. In September 2023, Plaintiff sent a District Manager named Brittany an email complaining about "fake schedules" she was being sent through text messages from Store 1169. *Id.* When Plaintiff tried to talk to someone in human resources, the representative was aggressive and hung up on

her. *Id.* Plaintiff further alleges that she did not get an annual review in 2023, she did not get an expected pay raise, her PTO was incorrectly calculated, she was denied disability in 2021 for foot surgery, and she was forced to take a drug test in 2016, which came back negative, because a manager thought she looked high. *Id.* In sum, Plaintiff alleges that Walgreens considers her "a 'big black mean lady' perfect for store 2686 in the ghetto hood[,]" and has a long, documented history of unfair treatment and harassment of her based on her race and body size resulting in lost wages. *Id.* at 6-7.

Plaintiff first sued Walgreens on August 11, 2023, by filing, pro se and in forma pauperis, a form Employment Discrimination Complaint. *Osazuwa v. Walgreens*, Civil Action No. 4:23cv3053 (ECF 1). U.S. District Judge George Hanks dismissed 4:23cv3053 on December 6, 2023, due to lack of service. *Id.* (ECF 6). Judge Hanks granted Plaintiff's motion for reconsideration and reopened Civil Action No. 4:23cv3053 on February 23, 2024. *Id.* (ECF 9).

Plaintiff filed this case, Civil Action No. 4:23cv4852, on December 29, 2023. Plaintiff never notified Judge Hanks that she had filed this case and instead, on March 20, 2024, moved for an extension of time to serve Walgreens in Civil Action No. 4:23cv3053 (ECF 12). When Plaintiff failed to meet the extended deadline, Judge Hanks again dismissed the case for want of prosecution. *Id.* (ECF 18). Judge Hanks denied Plaintiff's motion for reconsideration on May 14, 2024. *Id.* (ECF 20).

3

Plaintiff filed a Notice of Appeal on May 17, 2024, (Appeal No. 24-20223), which was dismissed on October 15, 2024. *Id.* (ECF 23, ECF 39). Plaintiff filed a second Notice of Appeal on October 21, 2024, (Appeal No. 24-20475), which was dismissed for want of jurisdiction on January 6, 2025. *Id.* (ECF 35, ECF 43).

This case was opened when Plaintiff filed a form Complaint for Employment Discrimination, on December 29, 2023. ECF 1. As in Civil Action No. 4:23cv3053, the Court dismissed this case without prejudice because Plaintiff failed to perfect service on Walgreens within ninety days of filing the Complaint. ECF 6. On Plaintiff's Motion, the Court reopened the case and granted additional time for service. ECF 9. After the case was reopened, the Court ordered Plaintiff to file an Amended Complaint giving the address of Defendant's registered agent for service in Texas so that service could be completed by the U.S. Marshal pursuant to 28 U.S.C. § 1915. ECF 10. When Plaintiff failed to do so, the Court recommended that the case again be dismissed without prejudice for lack of service. ECF 11. After Plaintiff belatedly filed an Amended Complaint, the Court vacated the recommendation for dismissal and yet again ordered Plaintiff to file a corrected Amended Complaint so that a summons could be issued for service by the U.S. Marshal. ECF 13. Again, Plaintiff failed to comply and the Court recommended dismissal. ECF 16. Plaintiff belatedly complied with the Court's Order on October 23, 2024 by filing an Amended Complaint, causing the Court once more to vacate

4

the recommendation for dismissal. ECF 19. After finally being served, Defendant responded by filing a Motion for a More Definite Statement, which the Court granted. ECF 21; ECF 23.

Almost a year and a half after Plaintiff filed the initial Complaint in this case, the Court conducted the Initial Pretrial Scheduling Conference on April 21, 2025. ECF 25. The Court issued a scheduling order giving Plaintiff a final opportunity to file a sufficient pleading. ECF 26. Plaintiff filed her Second Amended Complaint on April 28, 2025. ECF 27. Now pending before the Court is Defendant's Motion to Dismiss. ECF 29. Continuing her pattern of dilatory conduct and noncompliance, Plaintiff did not file a timely response.

## II.     Rule 12(b)(6) Standards

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the conduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009). In reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), this Court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff. *Alexander v. AmeriPro Funding, Inc.*, 48

F.3d 68, 701 (5th Cir. 2017) (citing *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)).  However, the court does not apply the presumption of truth to conclusory statements or legal conclusions.  *Iqbal*, 556 U.S. at 678-79.

### III.   Analysis

Plaintiff's Second Amended Complaint does not identify the statute or law under which she is suing.  The Court liberally construes Plaintiff's pro se pleading to assert claims under Title VII and the Texas Labor Code (TCHRA)[2] for harassment and discrimination based on her race, and for retaliation.[3]

### A. Plaintiff has failed to state a claim for race discrimination.

The Second Amended Complaint contains no factual allegations that constitute direct evidence of discrimination. Therefore, to state a claim for race discrimination, the Second Amended Complaint must contain plausible factual

---

[2] "Courts apply the same standards when analyzing claims under Title VII and Chapter 21 of the Texas Labor Code." *See Mott v. Schneider Elec. Sys., USA, Inc*., No. 4:24-CV-3084, 2025 WL 1549461, at *2 (S.D. Tex. May 30, 2025) (citing *Pineda v. United Parcel Service, Inc.*, 360 F.3d 483, 487 (5th Cir. 2004)).

[3] Defendant construes Plaintiff's Second Amended Complaint as asserting a claim for "body-type" discrimination.  ECF 30 at 5.  Accepting Defendant's framing, Plaintiff's claim should be dismissed because Title VII does not protect against "body-type" discrimination. *See* 42 U.S.C. § 2000e-2 (prohibiting an employer from discriminating against an employee **"because of such individual's race, color, religion, sex, or national origin"**); *see also Armstrong v. City of Dallas*, 997 F.2d 62, 67 n.19 (5th Cir. 1993) (noting that "[n]either obesity nor misconduct is protected by Title VII.").

allegations that Plaintiff: (1) is a member of a protected class; (2) was qualified for her position; (3) was subject to an adverse employment action; and (4) was replaced by someone outside her protected class or was treated less favorably than others who were similarly situated. *Okoye v. Univ. of Texas Houston Health Sci. Ctr.*, 245 F.3d 507, 512–13 (5th Cir. 2001) (stating elements in a wrongful discharge case); *Chhim v. Univ. of Texas at Austin*, 836 F.3d 467, 470 (5th Cir. 2016) (plaintiff did not have to prove a prima facie case at the pleading stage, but "had to plead sufficient facts on all of the ultimate elements of a disparate treatment claim to make his case plausible."). The fourth element is dispositive here.

The Second Amended Complaint contains allegations that Plaintiff is African-American and was qualified for her position. Although less clear, the Second Amended Complaint sufficiently alleges facts to support the third element, that she was subject to an adverse employment action. To plead an adverse employment action in the Fifth Circuit, "a plaintiff need only allege facts plausibly showing discrimination in hiring, firing, compensation, or in the 'terms, conditions, or privileges' of his or her employment." *Hamilton v. Dallas Cnty.*, 79 F.4th 494, 502–03 (5th Cir. 2023) (abrogating prior 5th Circuit authority and holding that an adverse employment action "is not limited to economic or tangible discrimination, and it covers more than terms and conditions in the narrow contractual sense" (citation omitted)). Here, Plaintiff alleges numerous actions that do not rise to the level of an

7

adverse employment action even under the *Hamilton* standard,[4] but her allegations that she is being assigned very few hours and losing wages are allegations of actions that directly affect her compensation and therefore allege actionable adverse employment actions.

However, the Second Amended Complaint fails to satisfy Plaintiff's pleading burden on the fourth element of a Title VII discrimination claim. Plaintiff alleges that she went to store 1169 on a Saturday and "was surprised to see the RXOM working there on that [S]aturday. The new RXOM was having the same issues needed to make up her 40 hours during Saturday due to the store hours." ECF 27 at 5. Plaintiff does not identify the "new RXOM," state their race, or provide any other factual allegations regarding the "new RXOM." Her allegation that she "stepped down" and a "new RXOM" came indicates that in fact the "new RXOM" was not similarly situated to Plaintiff. ECF 27 at 4. In sum, Plaintiff fails to allege that a non-African-American, similarly-situated employee was given more hours or otherwise treated more favorable than Plaintiff at store 1169, or any other store at which she worked. Therefore, Plaintiff's Title VII discrimination claim should be dismissed.

---

[4] Plaintiff's transfers to store 07251, store 02686, and store 1169 were all voluntary and thus cannot support a claim. *See* ECF 27. Plaintiff alleges she was "pressured to step down," and that at some unspecified time she "was fired and rehired by Walgreens based on wrongful termination," but she also alleges that she is currently working at store 1169, so she has not alleged wrongful termination. *Id.*

8

**B. Plaintiff has failed to state a hostile work environment claim**

To state claim for a hostile work environment claim under Title VII, Plaintiff must plausibly allege that she: "(1) belongs to a protected group; (2) was subjected to unwelcome harassment; (3) the harassment complained of was based on [her race]; (4) the harassment complained of affected a term, condition, or privilege of employment; and (5) the employer knew or should have known of the harassment in question and failed to take prompt remedial action." *Yarbrough v. SlashSupport, Inc.*, No. 24-40421, 2025 WL 2647148, at *2 (5th Cir. Sept. 16, 2025) (citing *Johnson v. PRIDE Indus., Inc.*, 7 F.4th 392, 399–400 (5th Cir. 2021)); *Hernandez v. Yellow Transp., Inc.*, 670 F.3d 644, 651 (5th Cir. 2012) (stating the elements of a hostile work environment claim, citing *Ramsey v. Henderson*, 286 F.3d 264, 268 (5th Cir.2002)).

The fourth element requires allegations of "severe or pervasive" harassment. *Deondra J. Kheir v. Costco Wholesale Corp.*, No. CV 24-3401, 2025 WL 1927741, at *4 (S.D. Tex. July 10, 2025) (stating "[a] hostile work environment exists when the workplace is 'permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment.'" (quoting *Johnson v. Halstead*, 916 F.3d 410 (5th Cir. 2019) (citing *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993))); *Gwendolyn Spann, v. FedEx Freight, Inc.*, No. 24-60318, 2025 WL 1938355, at *6 (5th Cir. July 15, 2025)

9

(holding that "[f]or harassment to affect a term, condition, or privilege of employment, it 'must be sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment.'" (citation omitted)). In deciding whether a hostile work environment exists, courts consider "the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Ramsey v. Henderson*, 286 F.3d 264, 268 (5th Cir. 2002); *see also Doe v. Baylor Coll. of Med.*, No. 4:22-CV-2416, 2025 WL 2654842, at *8 (S.D. Tex. Aug. 7, 2025) (identifying factors courts consider to determine if environment is both objectively and subjectively hostile), report and recommendation adopted, No. 4:22-CV-02416, 2025 WL 2652872 (S.D. Tex. Sept. 15, 2025).

The Second Amended Complaint fails to allege actionable harassment based on race. The Second Amended Complaint alleges the following conduct by Walgreens employees:

- store manager Chris wanted Plaintiff to work at store 2686 because she is Black and the store is in a predominantly Black neighborhood, but does not allege that Chris harassed her based on her race;

- Plaintiff wanted to transfer from store 2686 because "she didn't like the dirty games played" there and they were never going to give her a promotion, but does not allege that the "dirty games" were based on her race;

- Magee blocked Plaintiff's transfer to store 4514, but does not allege that he did so based on her race;

- Store 1169 is a "tier 3 store" located in a predominately Asian and Arabic community with reduced staff and hours and she did not feel welcome there, but does not allege that anyone at store 1169 harassed her based on her race.

- Plaintiff was labeled a "bad person," "entitled," and "intimidating," presumably because she is Black, but does not allege that these labels were communicated in a way that was so offensive and frequent that they interfered with her ability to do her job.

The Second Amended Complaint fails to allege any harassment based on race that was frequent, threatening, extremely offensive, or so severe that it interfered with her job duties. In sum, the Second Amended Complaint fails to state a claim for a racially hostile work environment.

### C. Plaintiff has failed to state a claim for retaliation

Title VII makes it unlawful to discriminate against an employee who has opposed an employment practice outlawed by Title VII. 42 U.S.C. § 2000e-3(a). To state a claim for retaliation, a plaintiff must allege: (1) she engaged in activity

11

protected by Title VII; (2) she was subjected to an adverse employment action; and (3) the existence of a causal connection between the protected activity and adverse employment action. *Norsworthy v. Houston Indep. Sch. Dist.*, 70 F.4th 332, 337 (5th Cir. 2023) (citation omitted). "Under Title VII's anti-retaliation provision, protected activity can consist of either: (1) opposing any practice made an unlawful employment practice by this subchapter or (2) making a charge, testifying, assisting, or participating in any manner in an investigation, proceeding, or hearing under this subchapter." *E.E.O.C. v. Rite Way Serv., Inc.*, 819 F.3d 235, 239 (5th Cir. 2016) (alterations omitted) (quoting 42 U.S.C. § 2000e-3(a)).

The factual allegations in the Second Amended Complaint, taken as true, fail to state a Title VII retaliation claim. Plaintiff fails to allege she engaged in protected activity or that she suffered any adverse employment action as a result of any protected activity. Plaintiff fails to identify any particular action she engaged in as "protected activity." Plaintiff alleges she engaged in the following acts:

- sending a December 22, 2022 email to Magee regarding her promotion at store 2686 (ECF 27 at 2);
- seeking a transfer to store 4514 (*Id.* at 3);
- complaining in July 2023 about the conduct of a teen co-worker at store 4696 (*Id.* at 5);

- calling Human Resources at an unspecified time, apparently in connection with her July 2023 complaint (*Id.*);

- "reaching out" to the Southern District court and EEOC (*Id.* at 7).

With the possible exception of the final item above, Plaintiff makes no allegations that she was involved in complaining about conduct that is illegal under Title VII. *See Benavides v. Student Alternative Programs, Inc.*, No. 5:18-CV-107, 2020 WL 13611638, at *6 (S.D. Tex. Feb. 28, 2020) (defining protected activity "as opposition to any practice rendered unlawful by Title VII, including making a charge, testifying, assisting, or participating in any investigation, proceeding, or hearing under Title VII," (citing *Richards v. JRK Prop. Holdings*, 405 F. App'x 829, 831 (5th Cir. 2010)). An "expression of discontent or disagreement [is] not a complaint of illegality." *Rodriguez v. City of Corpus Christi*, 129 F.4th 890, 898 (5th Cir. 2025) (addressing FLSA retaliation).

As for the allegations that she contacted the EEOC and filed this lawsuit, she fails to allege that she suffered retaliatory action *after* such potentially protected activity. It is axiomatic that there can be no causal link between an adverse employment action and protected activity that follows the adverse employment action. *Pena v. Houston Cmty. Coll.*, No. CV 4:18-01888, 2019 WL 587693, at *5 (S.D. Tex. Feb. 13, 2019) (holding there is "no causal link between the protected

13

activity and adverse employment action when the adverse employment action predates the protected activity").

Furthermore, with the possible exception of Magee's write-up of Plaintiff and refusal of her request to transfer to store 4514, which followed her December 2022 email, there are no allegations than any retaliatory action was taken by a person with knowledge of any protected activity or that an adverse employment action occurred within a short period of time after her protected activity. A plaintiff must "allege facts permitting at least an inference of her employer's knowledge" in order to sufficiently plead a retaliation claim. *Smith v. Kendall*, No. 23-50713, 2024 WL 4442040, at *8 (5th Cir. Oct. 8, 2024). Further, Plaintiff's December 2022 email cannot support a claim for retaliation because the email "was asking Magee to create time to meet and discuss questions and concerns" relating to her promotion and performance. She does not allege that the December 2022 email had anything to do with a complaint about conduct she considered illegal under Title VII. ECF 27 at 2.

In sum, Plaintiff's retaliation claim should be dismissed for failure to state a claim.

**D. Dismissal with prejudice is appropriate in this case**

District courts often grant leave to amend when granting a motion to dismiss under Rule 12(b)(6). *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002). However, there are exceptions to this general

rule. *Great Plains*, 313 F.3d at 329.  Denial of leave to amend does not constitute an abuse of discretion when plaintiffs have already pleaded their best case or amendment would be futile.  *Yan v. Taylor*, No. 24-10288, 2024 WL 4579606, at *1 (5th Cir. Oct. 25, 2024); *Wiggins v. Louisiana State Univ.-Health Care Servs. Div.*, 710 F. App'x 625, 627 (5th Cir. 2017).  Plaintiff neither responded to Defendant's Motion to Dismiss nor requested leave to amend. As the lengthy procedural history recited at the start of this Memorandum and Recommendation establishes, Plaintiff has been given multiple opportunities to plead and prosecute her best case.  It is fair and reasonable at this point to conclude that Plaintiff has pleaded her best case and leave to amend would be futile.  Therefore, Plaintiff's claims should be dismissed with prejudice.

### IV.  Conclusion and Recommendation

For the reasons stated above, the Court RECOMMENDS that Defendant's Motion to Dismiss be GRANTED and Plaintiff's claims be DISMISSED WITH PREJUDICE.

The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(C).  Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal. *Douglass v. United Servs. Auto.*

*Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

Signed on September 24, 2025, at Houston, Texas.

                                              Christina A. Bryan
                                     United States Magistrate Judge