United States District Court
Southern District of Texas
**ENTERED**
January 27, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| EVIA C. OSAZUWA, | § | |
|    *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:23-CV-4852 |
| | § | |
| WALGREENS, | § | |
|    *Defendant*. | § | |

## AMENDED MEMORANDUM AND RECOMMENDATION

On September 24, 2025, this Magistrate Judge issued a Memorandum and Recommendation recommending that Defendant's Motion to Dismiss be granted and this case be dismissed with prejudice.[1]  ECF 34.  The District Judge overruled Plaintiff's objections and adopted the recommendations in full.  ECF 36.  The Court entered Final Judgment on October 15, 2025.  ECF 37.  Plaintiff filed a timely Notice of Appeal.  ECF 38.  The Court granted Plaintiff's Motion to Leave to Proceed In Forma Pauperis on appeal.  ECF 41.

On January 21, 2026, Plaintiff filed a Motion to Reconsider and Reopen citing excusable neglect because she is a pro se litigant.  ECF 42.  Because it was filed 99 days after entry of final judgment, the Court deems it to be a Motion pursuant to Federal Rule of Civil Procedure 60(b)(1).  However, a perfected appeal divests the

---

[1] The District Court referred this case to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72.  ECF 9.

district court of jurisdiction to do anything other than deny a Rule 60(b) motion under these circumstances. *Thermacor Process, L.P. v. BASF Corp.*, 567 F.3d 736, 744 (5th Cir. 2009) (citing *Shepherd v. Int'l Paper Co.*, 372 F.3d 326, 329 (5th Cir.2004)). The Court therefore RECOMMENDS that Plaintiff's Motion to Reconsider or Reopen this closed case be DENIED for lack of jurisdiction.

The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(C). Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

Signed on January 27, 2026, at Houston, Texas.

                                                      Christina A. Bryan
                                            United States Magistrate Judge